CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 16 2006

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEBORAH LEE WHEELER,<br>　　Plaintiff, | )<br>)　Civil Action No. 7:06-cv-00674<br>) |
| v. | )　**MEMORANDUM OPINION**<br>) |
| JOEL JACKSON, et. al.,<br>　　Defendant(s). | )　By: Hon. James C. Turk<br>)　Senior United States District Judge |

Plaintiff Deborah Lee Wheeler, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Wheeler alleges that her court appointed attorney, Joel Jackson, has been providing inadequate representation in the state criminal proceedings against her. She does not state what form of relief she seeks in bringing this action.[1]

Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A criminal defense attorney does not act "under color of" state law while

---

[1] On the line of the § 1983 form asking her what relief she seeks from the court, Wheeler states: "I handed in 2 plea bargains even to plead guilty to get out in 6 months and got turned down."

1

representing his client; therefore, defense attorneys are not amenable to suit under § 1983, whether privately retained, Deas v. Potts, 547 F.2d 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as public defenders, Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Wheeler alleges that as her court-appointed attorney, Jackson only wants to plea bargain, will not fight for her, gave up on her from the beginning, has said she will never win against the police in court, and has never represented anyone in a jury trial. All of these alleged errors or omissions occurred during Jackson's representation of Wheeler on the criminal charges she faces. As these actions were not taken "under color of state law," Wheeler's allegations fail to state any claim under § 1983 against Jackson. Accordingly, her case must be dismissed without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim upon which relief can be granted. An appropriate order shall be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 16th day of November, 2006.

*/s/ James C. Turk*
Senior United States District Judge

2

Case 7:06-cv-00674-JCT-mfu Document 5 Filed 11/16/06 Page 2 of 2 Pageid#: 12